UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LA'VON GILES,

    Plaintiff,

v.

SARA WOODWARD AND DIANE PRINC,

    Defendants.

Case No. 24-12566
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF COSTS [2] AND DISMISSING COMPLAINT [1]**

    Kevin La'von Giles, who is currently incarcerated at the Livingston County Jail, filed a *pro se* civil rights complaint against Assistant United States Attorneys (AUSAs) Sara Woodward and Diane Princ. (ECF No. 1.) He seeks leave to proceed without prepayment of fees. (ECF No. 2.) But Giles' litigation history precludes him from proceeding in this manner. He has filed at least three previous lawsuits that have been dismissed for failure to state a claim or as frivolous or meritless under 28 U.S.C. § 1915(g), and his current complaint does not show that he is in imminent danger of serious physical injury. Therefore, the Court will deny his application to proceed *in forma pauperis* and dismiss the complaint.

**I.**

    Plaintiff Kevin La'von Giles is currently awaiting trial on federal criminal charges of sex trafficking of children; sex trafficking by force, fraud, or coercion; and

commission of a felony involving a minor by a registered sex offender. *See United States v. Giles*, No. 21-20398 (E.D. Mich) (ECF No. 60). That case is being prosecuted by AUSAs Woodward and Princ. On September 18, 2024, Giles filed this civil complaint against them alleging they violated his Fourth, Eighth, and Fourteenth Amendment rights by lying to a federal grand jury in connection with indicting his criminal case. (ECF No. 1, PageID.7.) Giles seeks "150 million[]" and declaratory and injunctive relief. (*Id.* at PageID.8.) Along with his compliant, Giles filed a motion to proceed without prepayment of fees and costs. (ECF No. 2.)

## II.

The Court may authorize commencement of an action without prepayment of the filing fee and costs if a plaintiff demonstrates he cannot pay such fees, subject to the Prison Litigation Reform Act's three-strikes rule. 28 U.S.C. §§ 1915(a)(1), (g). Under the three-strikes rule, a prisoner may not proceed *in forma pauperis* if he has filed three or more cases that a court has dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Courts may *sua sponte* apply the three-strikes rule . . . and take judicial notice of a plaintiff's prior dismissals." *White v. Sturm*, — F. Supp.3d —, 2024 WL 2963781, at *1 (E.D. Mich. June 12, 2024) (citations omitted).

Giles is clearly subject to the three-strikes rule, as he has had at least four civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim. *See Giles v. Rich, et al.*, No. 24-11052, 2024 WL 4136397 (E.D. Mich. Sept. 10, 2024); *Giles v. Christopher R. Swanson, et al.*, No. 24-10137, 2024 WL 1641224 (E.D.

Mich. Apr. 16, 2024); *Giles v. Garland, et al.*, No. 24-10138, 2024 WL 1478862 (E.D. Mich. April 5, 2024); *Giles v. Michigan Dep't of Health & Hum. Servs.*, No. 24-10136, 2024 WL 1478861 (E.D. Mich. Apr. 5, 2024). Indeed, Giles has been made aware that he is a three-striker. *See Giles v. Hemingway*, No. 23-10951, 2024 WL 3164653, at *3 (E.D. Mich. May 20, 2024) (collecting cases), report and recommendation adopted, No. 23-10951, 2024 WL 3540436 (E.D. Mich. July 25, 2024).

Giles, therefore, may not proceed without prepaying fees and costs unless he satisfies the imminent danger exception to the three-strikes rule. He fails to do so. Giles does not claim to be in imminent danger of serious physical injury and nothing in the complaint would support such an argument. He alleges Defendants committed constitutional violations during his ongoing criminal prosecution, but such allegations do not raise a possibility of physical injury. So there is no basis to conclude that Giles qualifies for the imminent danger exception to the three-strikes bar.

### III.

Giles has at least three strikes under 28 U.S.C. § 1915(g) and has failed to demonstrate that he is in imminent danger of serious physical injury.

Accordingly, the Court DENIES Giles' application to proceed without prepayment of fees and costs (ECF No. 2) and DISMISSES Giles' complaint (ECF No. 1).

The Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). So it will not issue a

certificate of appealability or grant leave to appeal *in forma pauperis*.

    SO ORDERED.

    Dated: October 9, 2024

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE